UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY and DENISE WARSTLER, | ) |
| Plaintiffss, | ) Case No.: 4:16-cv-1454 |
| v. | ) |
| | ) PLAINTIFFS' COMPLAINT |
| NATIONSTAR MORTGAGE HOLDINGS, INC., | ) |
| Defendant. | ) |

Plaintiffs, GARY and DENISE WARSTLER, (hereinafter referred to as "Plaintiffs") through their attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, NATIONSTAR MORTGAGE HOLDINGS, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiffs's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate

burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also, Mims,* 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 1367.

2. Jurisdiction of this court arises pursuant to 28 U.S.C. §1367 grants this court supplemental jurisdiction over the state claims contained within

3. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiffs are, and at all times mentioned herein were, citizens and residents of Houston, Houston County, Texas.

6. Plaintiffs is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153 (10).

7. Defendant is a national financial institution, headquartered in Coppel, Texas.

8. Defendant is a business entity engaged in the collection of debt within the State of Texas.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

11. As noted above, in 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

12. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."Specifically, the plain language of section 227(b)(l)(A)(iii) prohibits the

use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

13. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

14. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

15. The TCPA prohibits the use of any "automatic telephone dialing systems" to call cellular telephones. It also prohibits the use of artificial or prerecorded messages.
    a. "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.,* 2011 WL 3609012 (N.D. Ill. Aug. 16, 2011) (emphasis original).

## FACTUAL ALLEGATIONS

16. In or around April 2015, Defendant began communicating with Plaintiffs regarding

Plaintiff, Gary Warstler's mortgage loan account ("Account").

17. In or around April 2015, Defendant began to utilize Plaintiff, Gary Warstler, cellular telephone number, ending in 9873, to place virtually daily incessant calls to Plaintiffs pertaining to the Account.

18. In or around April 2015, Defendant began to utilize Plaintiff, Denise Warstler, cellular telephone number, ending in 3803, to place virtually daily incessant calls to Plaintiffs pertaining to the Account.

19. Plaintiff, Denise Warstler, is not a borrower or co-signer on the aforementioned mortgage account.

20. Since April 2015, Defendant has called Plaintiffs on their cellular telephone with pre-recorded messages.

21. Defendant calls Plaintiffs' cellular telephone numbers at an annoying and harassing rate.

22. When Plaintiffs answers Defendant's telephone calls, Plaintiffs are greeted with an automated recorded message.

23. In or around April 2015, Plaintiff, Gary Warstler answered Defendant's telephone calls and asked Defendant to stop calling Plaintiff's cellular telephone number.

24. Since April 2015, Plaintiff, Gary Warstler, has spoken to Defendant several times and requested that Defendant stop calling her.

25. Despite Plaintiffs requests, Defendant continued to place repeated collection calls to Plaintiffs' cellular telephone numbers.

26. Nonetheless, Defendant continued to place repeated calls to Plaintiffs, on their cellular telephone, using an "automated telephone dialing system."

27. Defendant uses an "automatic telephone dialing system", as defined by 47 U.S.C. §

227(a)(1), to place its repeated calls to Plaintiffs.

28. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

29. Defendant frequently uses skip-tracing services to locate telephone numbers used by consumers whom Defendant wishes to call.

30. Defendant's calls are placed to a telephone number assigned to a cellular telephone service for which Plaintiffs incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

31. Under the TCPA and pursuant to the FCCs January 2008 Declaratory Ruling, the burden is on the Defendant to demonstrate that the Plaintiffs provided express consent within the meaning of the statute because it is the best entity to determine how numbers were attained.

32. Defendant never received Plaintiff, Denise Warstler's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on her cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

33. Even if Defendant received Plaintiffs' "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice, "prior express consent" was revoked when Plaintiffs first told Defendant to stop calling.

34. The natural consequences of Defendant's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiffs.

35. The natural consequences of Defendant's statements and actions was to cause Plaintiffs mental distress.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

36. Defendant made unsolicited commercial phone calls to the wireless telephone numbers of Plaintiffs using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

37. These phone calls were made without the prior express consent of Plaintiffs.

38. Defendant's conduct therefore violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiffs' cellular telephone numbers using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiffs, GARY and DENISE WARSTLER, respectfully requests judgment be entered against Defendant, NATIONSTAR MORTGAGE HOLDINGS, INC., for the following:

39. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiffs is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

40. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiffs is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

41. Plaintiffs is entitled to and seek injunctive relief prohibiting such conduct in the future.

42. Any other relief that this Honorable Court deems appropriate.

DATED:  May 24, 2016  RESPECTFULLY SUBMITTED,


By: /s/ Michael S. Agruss
 Michael S. Agruss
 SBN: 6281600
 Agruss Law Firm, LLC
 4609 N. Ravenswood Ave., Suite 419
 Chicago, IL 60640
 Tel: 312-224-4695
 Fax: 312-253-4451
 michael@agrusslawfirm.com
 Attorney for Plaintiffs